## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                               **CRIMINAL NO. 2:18-CR-5-KS-MTP**

**JENNIFER HENDERSON**

### ORDER

On April 11, 2019, Defendant pleaded guilty to conspiring to possess, pass, utter, publish, or sell counterfeit federal reserve notes, in violation of 18 U.S.C. § 371. On August 29, 2019, the Court sentenced her to 21 months of imprisonment followed by 3 years of supervised release. On October 5, 2020, Defendant filed a Motion for Compassionate Release [243] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic. Her current release date is January 9, 2021.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that she meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the

reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. Sentencing Guidelines Manual § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n. 1(B)-(C).

Defendant is currently incarcerated at FCI Aliceville, in Aliceville, Alabama. She alleges that, at the time she filed her motion, there were 3 inmate cases of COVID-19 and 8 staff cases at the facility. Defendant contends that she is at increased risk from COVID-19 because she has an enlarged heart, a BMI over 30,

seizures, and a "thyroid condition." In response, the Government noted that the only medical condition listed in Defendant's presentence report and BOP medical records was a thyroid condition that she manages with medication.

Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3.

Even if the Court accepts Defendant's allegations concerning her health conditions as true, she has not carried her burden of demonstrating that there is an "extraordinary and compelling" reason to reduce her term of imprisonment, or that she suffers from a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S.

SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). "Preexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Additionally, Defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

The Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). As noted above, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. Defendant has less than two months to serve. She has not demonstrated that she is in any particular danger of serious illness or death, at least not any more danger than any person in the general public during a pandemic. The

4

Court is not convinced that Defendant's health issues merit early release. Moreover, the BOP's response to the pandemic, outlined in detail in the Government's brief, is sufficient, given the circumstances and logistical issues presented by a prison environment. For all the reasons provided above, the Court **denies** Defendant's Motion for Compassionate Release [243].[1]

SO ORDERED AND ADJUDGED this 24th day of November, 2020.

/s/      Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[1] *See e.g. United States v. Brown*, 2020 WL 6833778 (5th Cir. Nov. 20, 2020); *United States v. Jackson*, 2020 WL 6702129 (5th Cir. Nov. 13, 2020); *United States v. Rivas*, 2020 WL 6437288 (5th Cir. Nov. 2, 2020).